**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**EASTERN DIVISION**

TYRONE SWIFT,
ADC #116284                                                                                                      PLAINTIFF

2:16CV00071-JLH-JTK

HARRIS, et al.                                                                                                DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge J. Leon Holmes. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.       Why the record made before the Magistrate Judge is inadequate.

2.       Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.       The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or

1

other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## DISPOSITION

## I. Introduction

Plaintiff Tyrone Swift is a state inmate incarcerated at the East Arkansas Regional Unit of the Arkansas Department of Correction (ADC). He filed this action pursuant to 42 U.S.C. § 1983, alleging cruel and unusual conditions led to his injuries in a slip and fall accident. (Doc. No. 2.)

Pending before the Court is the Defendants' Motion for Summary Judgment, Brief in Support, Statement of Facts, and Addendum (Doc. Nos. 28-31). By Order dated January 19, 2017, this Court directed Plaintiff to file a Response to the Motion within fifteen days of the date of the Order, and cautioned him that failure to respond would result in "all of the facts set forth in Defendants' summary judgment papers being deemed admitted by Plaintiff," or "dismissal of this action, without prejudice, pursuant to Local Rule 5.5(c)(2)." (Doc. No. 32, p. 2.) As of this date, Plaintiff has not responded to the Motion or otherwise corresponded with the Court.

## II. Summary Judgment Motion

Pursuant to FED.R.CIV.P. 56(a), summary judgment is appropriate if the record shows that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. See Dulany v. Carnahan, 132 F.3d 1234, 1237 (8th Cir. 1997). "The moving party bears

the initial burden of identifying 'those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact.'" Webb v. Lawrence County, 144 F.3d 1131, 1134 (8th Cir. 1998) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (other citations omitted)).  "Once the moving party has met this burden, the non-moving party cannot simply rest on mere denials or allegations in the pleadings; rather, the non-movant 'must set forth specific facts showing that there is a genuine issue for trial.'" Id. at 1135.  Although the facts are viewed in a light most favorable to the non-moving party, "in order to defeat a motion for summary judgment, the non-movant cannot simply create a factual dispute; rather, there must be a genuine dispute over those facts that could actually affect the outcome of the lawsuit." Id.

In addition, "all material facts set forth in the statement (of undisputed material facts) filed by the moving party...shall be deemed admitted unless controverted by the statement filed by the non-moving party."  Local Rule 56.1, Rules of the United States District Court for the Eastern and Western Districts of Arkansas.  Failure to properly support or address the moving party's assertion of fact can result in the fact considered as undisputed for purposes of the motion.  FED.R.CIV.P. 56(e)(2).

### A.      Exhaustion

Defendants ask the Court to dismiss Plaintiff's Complaint, based on his failure to exhaust administrative remedies, as required by the Prison Litigation Reform Act (PLRA) and the ADC grievance policy, Administrative Directive (AD) 14-16 (Doc. No. 28-1).  According to the declaration of Barbara Williams, Inmate Grievance Supervisor at the ADC, the grievance process consists of an informal resolution stage, a formal grievance, and an appeal to the Assistant and/or

Deputy Director level.  (Doc. No. 28-2, p. 2) The grievance policy also explicitly informs inmates

that they must exhaust their remedies at all levels of the grievance process and with respect to all

Defendants, prior to filing a lawsuit pursuant to 42 U.S.C. § 1983.  (Id.; Doc. No. 28-1, p. 17)  After

reviewing Plaintiff's grievance history, Ms. Williams found record of one grievance filed by

Plaintiff concerning the incident at issue, EA 16-00423.  (Doc. No. 28-2, p. 3) However, Plaintiff

did not file an appeal from the Step Two formal grievance decision which was decided on April 26,

2016.  (Id., Doc. No. 28-3) Therefore, Defendants state Plaintiff's complaint against them should

be dismissed, for failure to exhaust his administrative remedies.

According to the PLRA,

> No action shall be brought with respect to prison conditions under
> section 1983 of this title, or any other Federal law, by a prisoner
> confined in any jail, prison, or other correctional facility until such
> administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a), unconst'l on other grounds, Siggers-El v. Barlow, 433 F.Supp.2d 811, 813

(E.D. Mich. 2006).  The courts have interpreted this provision as a mandatory requirement that

administrative remedies be exhausted prior to the filing of a lawsuit.   In Booth v. Churner, the

United States Supreme Court held that in enacting the PLRA, "Congress has mandated exhaustion

clearly enough, regardless of the relief offered through administrative procedures."  532 U.S. 731,

741 (2001).  In addition, the United States Court of Appeals for the Eighth Circuit held in Chelette

v. Harris, "[t]he statute's requirements are clear: If administrative remedies are available, the

prisoner must exhaust them.  Chelette failed to do so, and so his complaint must be dismissed, for

'we are not free to engraft upon the statute an exception that Congress did not place there.'" 229

F.3d 684, 688 (8th Cir. 2000) (quoting Castano v. Nebraska Dep't of Corrections, 201 F.3d 1023,

1025 (8th Cir. 2000)).   In  Johnson v. Jones, the Court held that "[u]nder the plain language of

4

section 1997e(a), an inmate must exhaust administrative remedies *before* filing suit in federal court....If exhaustion was not completed at the time of filing, dismissal is mandatory." 340 F.3d 624, 627 (8th Cir. 2003) (emphasis in original).   Finally, in <u>Jones v. Bock</u>, the United States Supreme Court held that while the PLRA itself does not require that all defendants be specifically named in an administrative grievance, "it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion."  549 U.S. 199, 218 (2007).

The ADC grievance procedure also places inmates on notice of the grievance and exhaustion requirements: "Inmates are hereby advised that they must exhaust their administrative remedies as to all defendants at all levels of the grievance procedure before filing a Section 1983 lawsuit and Claims Commission claim.  If this is not done, their lawsuits or claims may be dismissed immediately."  (Doc. No. 28-1, p. 17)

Given the evidence submitted by Defendants, and Plaintiff's failure to respond to the Motion and contest or contradict such evidence, the Court finds that Plaintiff's Complaint against Defendants should be dismissed, for failure to exhaust his administrative remedies.

### B.    Other Defenses

Defendants also ask the Court to dismiss Plaintiff's claims against them as grounded in negligence, rather than the Eighth Amendment standard of deliberate indifference.  However, the Court will not address this argument for dismissal, based on its finding that Plaintiff failed to exhaust his administrative remedies with respect to his claims against them.  <u>See</u> <u>Johnson v. Jones</u>, where the Court held that if exhaustion was not completed at the time the suit was filed, dismissal is mandatory.  340 F.3d at 627.

## III.    CONCLUSION

IT IS, THEREFORE, RECOMMENDED that Defendants' Motion for Summary Judgment (Doc. No. 28) be GRANTED, and Plaintiff's Complaint against them be DISMISSED without prejudice.

IT IS SO RECOMMENDED this 8th day of February, 2017.

_____

JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE